**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN DAVID ROSS IV,

    Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant-Appellee.

No. 21-36043

D.C. No. 3:20-cv-06176-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 13, 2023[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Claimant John Ross IV ("Ross") appeals from the district court's ruling

affirming the Commissioner of Social Security's denial of his application for

disability benefits. Ross contends that the Administrative Law Judge ("ALJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

improperly discounted both (1) his subjective testimony about the severity of his symptoms and (2) the opinions of Dr. Kim Wheeler and APRN Joe Kohn.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We 'review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (superseded by statute on other grounds)).

1. In his application for benefits and his testimony before the ALJ, Ross stated that he could stand for only five to ten minutes and walk for only fifty to one hundred feet; that he experienced numbness and lack of strength in his hands; that his back pain caused him to lie down once or twice a day for five to thirty minutes; and that his depression prevented him from getting off the couch and from sleeping standard hours.

Substantial evidence supports the ALJ's finding discounting Ross's statements about his symptoms. To evaluate a claimant's testimony about their symptoms, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*,

2

504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). The ALJ found that Ross's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms to some degree." "[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ offered such reasons here. He explained that Ross's testimony about the severity of his pain and other symptoms was inconsistent with medical evidence; that Ross received conservative treatment; that Ross made inconsistent statements about his symptoms; and that Ross participated in activities inconsistent with his alleged limitations.

The ALJ identified specific reasons why the medical records did not support Ross's alleged degree of his limitations. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Medical tests and treatment notes showed "normal" results for Ross's back, and his pain improved with physical adjustments and ice, heat, and ibruprofen. A claimant's conservative course of medical treatment and unexplained failures to seek treatment can undermine subjective symptom reporting. *E.g.*, *Tommasetti*, 533 F.3d at 1039–41; *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

404.1502(a); *Burch*, 400 F.3d at 681. Ross sometimes forgot to take pain medication for his back. A mental health treatment program discharged him multiple times because he stopped attending sessions. Further, medication significantly mitigated Ross's concentration issues. An "ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." *Molina*, 674 F.3d at 1113. Ross reported participating in activities inconsistent with his self-described degree of limitations. For example, he assisted his girlfriend with daily chores, prepared meals, cared for pets, rode a bike, and used public transportation.

2. To support his claim of disability, Ross relies on the opinions of psychologist Dr. Kim Wheeler and APRN Joe Kohn. Dr. Wheeler opined that Ross would have marked limitations in his ability to "[p]erform activities within a schedule, maintain regular attendance," "[c]omplete a normal workday and work week without interruptions from psychologically based symptoms," and more. APRN Kohn concluded that Ross was limited to sedentary work.

An ALJ's decision on how to credit a medical opinion "must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The ALJ must "articulate . . . how persuasive" it finds "'all of the medical opinions' from each doctor" and look at supportability and consistency in the

record. *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(b)). Substantial evidence supports the ALJ's decision to discount Dr. Wheeler and APRN Kohn's opinions.

The ALJ discounted Dr. Wheeler's opinion because the marked limitations that she identified were inconsistent with Ross's reports about his work history, were unsupported by Dr. Wheeler's finding that Ross's mental status exam was mostly normal, and were inconsistent with other normal psychiatric findings in Ross's medical history. For instance, Ross was employed at a car wash for six months prior to Dr. Wheeler's evaluation. Ross's mental status was consistently evaluated as "grossly normal," and he experienced significant improvement in his concentration and ability to complete tasks on ADHD medication.

The ALJ reasoned that APRN Kohn's opinion was inconsistent with his own exam findings, other objective exam findings, and Ross's daily activities. Despite finding that Ross was limited to sedentary work, APRN Kohn noted that the severity of Ross's lower back pain was only mild. APRN Kohn did not reconcile this inconsistency. An ALJ can reasonably reject a medical opinion when there are inconsistencies with the medical records. *See Tommasetti*, 533 F.3d at 1041. A 2019 x-ray conducted in response to his thoracic spine pain was negative for abnormal findings, although it did show mild thoracic spondylosis. In May 2019, Ross sought medical care for his back after he fell while pushing a car. Prior to

5

this visit, he had occasionally mentioned back pain but had not sought care for it. Further, Ross reported participating in activities that were not entirely consistent with APRN Kohn's conclusion about sedentary work. As the ALJ noted, Ross reported riding a bike and completing "lots of projects" around the house. At best, Ross's medical evidence is "susceptible to more than one rational interpretation," so under the substantial evidence standard, we must uphold the ALJ's conclusion. *Id.* at 1038.

**AFFIRMED.**